# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Tommie Lee Henderson, Jr., Petitioner -vs- Charles L. Ryan, et al., Respondents. | CV-15-0592-PHX-GMS (JFM) **Order and Report & Recommendation on Petition for Writ of Habeas Corpus** |

## I.   MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 2, 2015 (Doc. 1).  On June 11, 2015 Respondents filed their Answer (Doc. 10).  Petitioner filed a Motion for Evidentiary Hearing (Doc. 12) and a Reply (Doc. 13) on June 18, 2015. Respondents have responded (Doc. 15) to the motion for evidentiary hearing, and Petitioner has replied in support (Doc. 18).

The Petitioner's Petition and Motion are now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II.   RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A.   PROCEEDINGS AT TRIAL

On March 29, 2012, Petitioner was indicted in Maricopa County Superior Court on one count of sexual assault and one count of kidnapping, arising out of a sexual assault of a minor passenger in Petitioner's taxi while transporting her from school to her

group home. (Exhibit A, Indictment.) (Exhibits to the Answer, Doc. 10, are referenced herein as "Exhibit ___.") Petitioner eventually entered into a written Plea Agreement (Exhibit C), wherein he agreed to plead guilty to the kidnapping charge and an amended charge of attempted sexual assault, with agreements for a presumptive sentence (5 years) on the kidnapping charge, and lifetime probation on the attempted sexual assault. Petitioner entered his plea pursuant to the Plea Agreement on April 10, 2013, while represented by counsel. (Exhibit B, M.E. 4/10/13.) On May 15, 2013, Petitioner was sentenced as agreed. (Exhibit D, Sentence.)

B. **PROCEEDINGS ON DIRECT APPEAL**

Petitioner did not file a direct appeal. (Petition, Doc. 1 at 2.) Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

C. **PROCEEDINGS ON POST-CONVICTION RELIEF**

On June 3, 2103, Petitioner filed a Notice of Post-Conviction Relief (Exhibit E). Counsel was appointed (Exhibit F, M.E. 6/10/13), but eventually filed a Notice of Completion of Review (Exhibit I), evidencing an inability to find an issue for review. Counsel was ordered to remain in an advisory capacity, and leave was granted for Petitioner to file a *pro per* petition for post conviction relief. (Exhibit J, M.E. 10/22/13.)

After several extensions (Exhibits K, L), Petitioner filed his *pro per* PCR petition (Exhibit M) on April 28, 2014. Petitioner raised the following arguments: (1) ineffective assistance of counsel in failing to investigate and adequately advise Petitioner prior to entering into a plea agreement; (2) Petitioner was prejudiced because his plea was not an informed choice, and he would have otherwise insisted upon going to trial; (3) as a result of counsel's failures, Petitioner's plea was not knowing and voluntary. The State responded (Exhibit N) that the record of the settlement conferences and the plea colloquy indicate that Petitioner was well informed, and well advised, and Petitioner failed to

show what additional investigation would have revealed. On August 7, 2014, Petitioner replied (Exhibit O) addressing the merits of his claims.

On October 10, 2014, Petitioner filed a Motion for Compliance (Exhibit Q), arguing that the PCR court had delayed ruling beyond the allowed time, and a Motion for Change of Judge (Exhibit R). The latter motion was denied on December 18, 2014 (Exhibit S).

PCR counsel then filed a Motion to Rescind Notice of Completion (Exhibit T) and a Motion to Stay (Exhibit U), arguing that potentially exculpating information had been disclosed (e.g. that the victim had made similar allegations against others, and had made an exculpating diary entry). Both motions were eventually granted. (Exhibit V, M.E. 12/16/14; Exhibit Y, M.E. 2/12/15.)

In the interim, Petitioner filed a *pro per* a Motion to Rescind the stay (Exhibit W), arguing counsel had acted without authorization. Counsel then filed a Motion to Disregard (Exhibit X) the motion to rescind the notice of completion, based upon Petitioner's instructions. The stay having then been granted, counsel filed a Motion to Lift Stay (Exhibit Z). That motion was granted, and the stay was lifted. (Exhibit AA, M.E. 3/13/15.)

On June 1, 2015, the PCR court set a hearing for June 26, 2015 to address the State's request to summarily dismiss the Petition. (Exhibit NN, M.E. 6/1/15.) That hearing was continued due to a power outage. (Reply on Mot. Evid. Hrg., Doc. 18 at 3.)

The PCR proceeding remains pending.

D.   **PETITIONS FOR SPECIAL ACTION**

**First PSA** – On February 9, 2015, in the midst of the dispute with PCR counsel over whether to stay the PCR proceeding, Petitioner filed with the Arizona Court of Appeals a Petition for Special Action (Exhibit BB) naming the PCR judge, arguing that the delay in ruling in his PCR petition amounted to a suspension of the writ of habeas corpus. On February 13, 2015, the Arizona Court of Appeals declined to accept

3

jurisdiction. (Exhibit CC, Order 2/13/15.) Petitioner then filed a Petition for Review (Exhibit DD) by the Arizona Supreme Court, which was summarily denied on May 6, 2015 (Exhibit II).

**Second PSA** – On March 26, 2015, during the pendency of his ongoing PCR proceeding and his first PSA, Petitioner filed with the Arizona Court of Appeals his second Petition for Special Action (Exhibit JJ), this time against the prosecutor based upon the recently revealed exculpatory information. On March 30, 2015, the Arizona Court of Appeals summarily declined jurisdiction. (Exhibit KK, Order 3/30/15.)

E.     **PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** –Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 2, 2015 (Doc. 1), during the pendency of his on-going PCR proceeding. Petitioner's Petition asserts the following three grounds for relief:

> In Ground One, Petitioner alleges that his **trial counsel was ineffective** in violation of the Sixth Amendment because his trial counsel failed to discuss any defenses, the elements of kidnapping, and all of the evidence with Petitioner prior to entering into a plea agreement. In Ground Two, Petitioner alleges that he was subjected to **prosecutorial misconduct** because the prosecutor withheld exculpatory evidence, did not fulfill the terms of the plea agreement, and sought an indictment not supported by probable cause. In Ground Three, Plaintiff alleges that his due process rights were violated because his **Rule 32 proceedings** were suspended, the trial judge violated ethical rules, and the trial judge abused his discretion.

(Service Order 4/30/15, Doc. 5 at 1-2 (emphasis added.)

**Response** - On June 11, 2015, Respondents filed their Response ("Limited Answer") (Doc. 10).[1] Respondents argue that in light of the ongoing PCR proceedings, Petitioner's state remedies are unexhausted, and thus the Petition should be dismissed with prejudice.

**Reply** - On June 18, 2015, Petitioner filed a Reply (Doc. 13). Petitioner argues

---

[1] The exhibits to the Answer are generally (and conveniently) arranged by proceeding, and within the proceedings chronologically.

that the rulings in the state PCR proceedings have been improperly delayed in violation of the Suspension Clause and related state authorities, the absence of a merits ruling removes any AEDPA deference,[2] the state procedures are inadequate because they are not regularly followed, the delay in ruling renders the state process ineffective, any defects in exhaustion have been caused by the ineffectiveness of PCR counsel, he has been denied due process in the state PCR proceedings, and there was insufficient evidence to convict him.

**Motion for Evidentiary Hearing** – Together with his Reply, Petitioner filed a Motion for Evidentiary Hearing (Doc. 12), arguing the merits of his claims, the inadequacy of the state hearings, and there is newly discovered evidence. Respondents have responded (Doc. 15) arguing that the in light of the status of the state proceedings (including a hearing scheduled in June, 2015), a hearing is not authorized, and in light of the pending state proceedings, the request is premature. On July 13, 2015, Petitioner replied (Doc. 18) reurging his arguments, and asserting that he should be permitted to "press on in this court."

### III.  APPLICATION OF LAW TO FACTS
**A.    ABSTENTION**

Petitioner's state post-conviction relief proceeding is on-going.

Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 43 (1971). Irreparable injury does not exist if the threat to the plaintiff's federally protected rights may be eliminated by his defense of the criminal case. *Id.* at 46. Moreover, even irreparable injury is insufficient to permit interference with the proceeding unless it is "both great and immediate." *Id*.

"The *Younger* doctrine was borne of the concern that federal court injunctions

---

[2] Because the undersigned does not reach the merits of Petitioner's claims, his arguments on the applicability of AEDPA deference are not reached.

5

might unduly hamper a state in its prosecution of criminal laws." *Miofsky v. Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983). In practical terms, the Younger doctrine means that "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980).

"When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted ..." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Dismissal is required, even where the issues raised in the federal petition are not part of the state appeal, because the appeal "may result in reversal on some other ground, thereby mooting the federal question." *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969); *see Sherwood v. Tomkins*, 716 F.2d at 634.

Dismissal is the appropriate means to abstain in this case. While a stay is permitted in cases merely involving a claim at law for damages, *see Gilbertson v. Albright*, 381 F.3d 965 (2004), in a case seek equitable relief such as a habeas proceeding, dismissal is the appropriate response.

For the reasons described in *Smith v. Williams*, 2013 WL 1501583, 2 (D.Nev. 2013), the undersigned concludes that abstention under *Younger v. Harris,* 401 U.S. 37, 43 (1971) is not necessary where the pending state proceeding is not a direct appeal, but merely a state post-conviction proceeding. In *Smith,* Judge Miranda concluded that *Henderson v. Johnson,* 710 F.3d 872 (9th Cir. 2013) clarified "that the rule [of *Sherwood v. Tomkins*, 716 F.2d 632 (9th Cir.1983) (applying *Younger*)] applies to pending direct appeals, and not to pending state post-conviction proceedings").

Here, however, Petitioner had pled guilty, and had no right of "direct appeal" as a result of his guilty plea. *See* A.R.S. § 13–4033(B) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation."). The Arizona courts have determined that a timely,

first PCR proceeding of a pleading defendant (an "of right" petition) is the equivalent of direct appeal.

> Rule 32 incorporates this appeal right [provided under the Arizona constitution]: "Any person who pled guilty ... shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding." Ariz. R.Crim. P. 32.1. Thus, even though this matter is a post-conviction relief proceeding, by virtue of Article 2, Section 24 of the Arizona Constitution, as interpreted by *Montgomery* [*v. Sheldon*, 181 Ariz. 256, 258-59, 889 P.2d 614, 616-17 (1995), *op. supp.*, 182 Ariz. 118, 893 P.2d 1281 (1995)], it is the functional equivalent of a direct appeal.

*State v. Ward*, 211 Ariz. 158, 162, 118 P.3d 1122, 1126 (Ariz.App. Div. 1,2005).

Here, Petitioner's PCR proceeding is an of-right proceeding. He pled guilty, and it is his first PCR petition, and was commenced within 90 days of his sentence. *See Summers v. Schriro,* 481 F.3d 710, 715 (9th Cir. 2007) ("To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review.") Thus it is the equivalent of a direct appeal, and *Younger* abstention is required.

Accordingly, in light of the pending "appellate" proceeding, Petitioner's Petition should be dismissed without prejudice.

**B.    EXHAUSTION**

Respondents argue that Petitioner's state remedies on all of his claims are unexhausted, and thus the claims are barred from federal habeas review, and the Petition should be dismissed with prejudice.

**1.    Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on

the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

"A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

**Proper Forum** - "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

**Proper Vehicle** - Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

**Factual Basis** – A petition must have fairly presented the operative facts of his federal claim to the state courts as part of the same claim. A petitioner may not broaden the scope of a constitutional claim in the federal courts by asserting additional operative facts that have not yet been fairly presented to the state courts. Expanded claims not presented in the highest state court are not considered in a federal habeas petition. *Brown v. Easter*, 68 F.3d 1209 (9th Cir. 1995); *see also, Pappageorge v. Sumner*, 688 F.2d 1294 (9th Cir. 1982), cert. denied, 459 U.S. 1219 (1983). And, while new factual allegations do not ordinarily render a claim unexhausted, a petitioner may not "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). *See also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th

Cir.1994).

**Legal Basis** - Failure to so alert the state court to the constitutional nature of the claim will amount to failure to exhaust state remedies. *Duncan v. Henry*, 513 U.S. 364, 366 (1995). While the petitioner need not recite "book and verse on the federal constitution," *Picard v. Connor,* 404 U.S. 270, 277-78 (1971) (quoting *Daugherty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*). "[T]he petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law," *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005), or by "a citation to a state case analyzing [the] federal constitutional issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003). But a drive-by-citation of a state case applying federal and state law is not sufficient.

> For a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues. Where, as here, the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issues, the federal claim is not fairly presented.

*Casey v. Moore*, 386 F.3d 896, 912 n. 13 (9th Cir. 2004).

**Fair Presentation** - "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). The Arizona habeas petitioner "must have presented his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). *But see Insyxiengmay v. Morgan*, 403 F.3d 657, 668-669 (9th Cir. 2005) (arguments set out in appendix attached to petition and incorporated by reference were fairly presented).

## 2. Procedural Default

Ordinarily, unexhausted claims are dismissed without prejudice. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal with prejudice of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

## 3. Application to Petitioner's Claims

Here, Petitioner has yet to present any claims to the Arizona Court of Appeals in a direct appeal or a post-conviction relief proceeding. Because his "of-right" PCR proceedings are on-going, those remedies are still available, and no procedural default applies.

**Special Actions Not Proper Proceedings** - Petitioner argues that he has raised at least some of his claim in his petitions for special action to the Arizona Court of Appeals. "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). An Arizona petition for special action is just such a proceeding. *See State ex rel. Romley v. Superior Court*, 198 Ariz. 164, 7 P.3d 970, 972-3 (Ariz.Ct.App.2000) (stating that acceptance of jurisdiction of a petition for special action is discretionary and appropriate when there is no equally plain, speedy or adequate remedy available by appeal, or when the case presents a narrow question of law of statewide importance).[3]

---

[3] There is at least one exception, not applicable here. *See State v. Moody*, 94 P.3d 1119, 1133 (Ariz. 2004) (special action is the appropriate vehicle to obtain judicial appellate

Petitioner contends that proceeding by way of special action was appropriate because of the delays in hearing his PCR petition. Petitioner relies upon Arizona Rule of Criminal Procedure 32.6(c) and Ariz. Rev. Stat. § 13-4236. Rule 32.6 provides:

> The court shall review the petition within twenty days after the defendant's reply was due. On reviewing the petition, response, reply, files and records, and disregarding defects of form, the court shall identify all claims that are procedurally precluded under this rule. If the court, after identifying all precluded claims, determines that no remaining claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings, the court shall order the petition dismissed. If the court does not dismiss the petition, the court shall set a hearing within thirty days on those claims that present a material issue of fact or law. If a hearing is ordered, the state shall notify the victims, upon the victims' request pursuant to statute or court rule relating to victims' rights, of the time and place of the hearing.

The statute, § 13-4236, is almost identical.

Petitioner contends those time limits expired long ago. Petitioner appears to reason that his PCR Reply (Exhibit O) was filed August 7, 2014, and therefore his hearing on his PCR petition should have commenced within 50 days. Petitioner wrongly presumes that the Rule mandates that the PCR court's decisions be instantaneous, and immediately consecutive. Rather, Rule 32.6(c) sets out a series of four steps.

First, the PCR court conducts a **preclusion review** of the PCR petition to identify precluded claims. This step is to be commenced within 20 days of the reply. The rule does not, however, mandate that the court's review be completed in a single day. Indeed, such reviews may involve complex analyses of previous appellate and PCR proceedings.

Second, upon completing such preclusion review, the PCR court is directed to conduct a **summary disposition review**, to identify claims which may be disposed of on the merits without a hearing. No start or end time for this review is specified.

Third, if after the preclusion review and summary disposition review, no claims

---

review of an interlocutory double jeopardy claim). Petitioner proffers nothing to suggest that his claims are of a type excepted from the general rule.

11

remain which require an evidentiary hearing, the PCR court is directed to issue a **summary dismissal**.

Fourth, if upon completion of those reviews, a summary dismissal is not ordered, the PCR court is directed to issue an order setting an **evidentiary hearing**. That hearing is to be set at a time within 30 days.

At the time Petitioner filed special action proceedings (in February, 2015 (Exhibit BB) and March, 2015 (Exhibit JJ)), the PCR appears to have completed the first step. Petitioner presents nothing to suggest the PCR court had not done so in a timely fashion, *i.e.* within the mandated 20 days. Clearly, however, as of the filing of the special action proceedings, the PCR court had not completed the second step. Indeed, the hearing originally set for June, 2015, was to resolve whether the claims were subject to summary dismissal. (*See* Exhibit NN, M.E. 6/1/15 ("setting Oral Argument with regard to the State's request to summarily dismiss the Petition").) Thus, no order for an evidentiary hearing had or could yet be issued, and the 30 day deadline for the hearing had not yet begun to run.

Moreover, Arizona generally permit the courts to extend non-jurisdictional deadlines set by the rules. *See e.g. Maule v. Arizona Superior Court for Maricopa County,* 142 Ariz. 512, 514, 690 P.2d 813, 815 (App. 1984). Petitioner proffers nothing to suggest that the deadlines in Rule 32.6(c) and the related statute are jurisdictional. The undersigned has located no decision addressing the matter.

Accordingly, as of the time of the special action petitions, the PCR proceeding was progressing appropriately, and thus there was no basis for seeking relief through such a discretionary proceeding. Petitioner simply jumped the gun.

There being no basis for proceeding by the extraordinary process of a special action, Petitioner's failure to have first completed a round of review through direct appeal or a post-conviction relief proceeding leaves his state remedies unexhausted.

**Delay Did Not Render PCR Remedy Ineffective** – Nor can Petitioner assert that he should be exempted from exhausting his state remedies because of any delay in his

1  PCR proceedings.  Indeed, failure to exhaust may be excused if "circumstances exist that
2  render such process ineffective to protect the rights of the applicant." 28 U.S.C. §
3  2254(b)(1)(B)(ii). State remedies may be found to be "ineffective" in cases involving
4  extreme or unusual delay attributable to the state. *Edelbacher v. Calderon*, 160 F.3d 582,
5  586-87 & n. 5 (9th Cir.1998); *Phillips v. Vasquez*, 56 F.3d 1030, 1036 (9th Cir.), *cert.*
6  *denied*, 516 U.S. 1032 (1995).  Petitioner fails to show that the Arizona PCR proceeings
7  are ineffective.

8  Petitioner fails to show extreme or unusual delay.  Certainly the delay is not the
9  kind of extreme delay that has caused habeas courts to find state procedures ineffective.
10 *See e.g. Phillips v. Vasquez,* 56 F.3d 1030, 1036 (9th Cir. 1995) (delay of fifteen years,
11 within "no end in sight").  *Cf. Coe v. Thurman*, 922 F.2d 528, 531 (9th Cir. 1990)
12 (discussing due process violation from delay of more than three years in appellate
13 proceeding).  At the time Petitioner filed this federal habeas Petition in April, 2015, his
14 state PCR proceeding had been pending only since June 3, 2013, and had been ripe only
15 since his PCR reply (Exhibit O) in August, 2014, just some eight months earlier.

16 Moreover, Petitioner fails to show that any significant delay could be attributable
17 to the state.  Although Petitioner filed his PCR notice (Exhibit E) on June 3, 2013,
18 counsel was appointed within one week (Exhibit F, M.E. 6/10/13), and he did not file his
19 *pro per* PCR petition until April, 2014 (Exhibit M).  Accordingly, the vast majority of
20 the delay through April 28, 2014 was attributable to Petitioner and his counsel.  The state
21 then took two and a half months to respond, time attributable to the state.  The delay
22 from Petitioner's Reply (Exhibit O) on August 7, 2014 until his Motion for Change of
23 Judge on November 7, 2014 (Exhibit R) is attributable to the state.  The time thereafter,
24 including the proceedings on the Motion to Stay (Exhibit U) and Motion to Rescind
25 (Exhibit T) are attributable to Petitioner and his counsel, at least through the March 3,
26 2015 Motion to Lift Stay (Exhibit Z).  In the interim, however, Petitioner had filed a
27 special action against the PCR judge (Exhibit BB), which resulted in the withdrawal and
28 reassignment of the PCR judge on April 9, 2015 (Exhibit MM, M.E. 4/9/15).  This delay

1 is attributable to Petitioner.

2 Accordingly, as of the time of Petitioner's Petition, the only delay in the PCR 3 proceedings attributable to the state were the two and a half months for the state to 4 respond to the PCR petition, and the one month between Petitioner's PCR reply and the 5 Motion for Change of Judge.  Thus, less than four months of delay transpired due to the 6 state. Thereafter, the almost three months until the time set for the PCR oral argument is 7 attributable to the state.  The subsequent delay, which Petitioner attributes to a power 8 outage, is attributable to neither side.

9 In sum, although Petitioner's PCR proceeding has been pending for some 28 10 months, Petitioner has shown only some four months attributable to the state.

11 Moreover, the delay complained of by Petitioner, even its totality, is not such as 12 to convince the undersigned that the PCR remedy is ineffective.  The delay is not, in the 13 experience of the undersigned, extraordinary for Arizona PCR proceedings, the matter 14 appears to be progressing, and there appears no reason to believe that it will not, within a 15 reasonable time, result in the review of Petitioner's claims.

16 **<u>Suspension of Writ</u>** – Petitioner complains that the delay in his state proceedings 17 amounts to the suspension of the writ.  (Reply, Doc. 13 at 2.)

18 The U.S. Constitution seeks to preserve the protections of the habeas corpus 19 process. "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless 20 when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., 21 Art. I, § 9, cl. 2.  However, "Section 9 of Article 1, as has long been settled, is not 22 restrictive of state, but only of national, action."  *Gasquet v. Lapeyre*, 242 U.S. 367 , 369 23 (1917).

24 To the extent that there may have been a violation of a similar provision of state 25 law, *see e.g.* Ariz. Rev. Stat., Const. Art. 2 § 14, that does not obviate the requirement 26 for petitioner to exhaust those state remedies which remain available to him, at least until 27 he shows that those remedies have rendered ineffective within the meaning of § 28 2254(b)(2)(B)(ii).

**"Adequacy" of State Rules Irrelevant** – Petitioner argues that the state procedural rules are not regularly followed, and thus are not adequate to bar habeas review. (Reply, Doc. 13 at 4.) Petitioner apparently draws upon the law regarding the application of state procedural bars as an independent and adequate state ground for disposing of a federal claim.

Related to the concept of procedural default is the principle of barring claims actually disposed of by the state courts on state grounds. "[A]bsent showings of 'cause' and 'prejudice,' federal habeas relief will be unavailable when (1) 'a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.' " *Walker v. Martin,* 562 U.S. 307, 316 (2011).

Here, Petitioner's petition is not being dismissed with prejudice as procedurally barred (nor even as procedurally defaulted). Thus, the adequacy of any state rule is not relevant.

**Lack of Hearing** – Petitioner argues that the state court fact finding procedures were inadequate. (Reply, Doc. 13 at 5, *et seq.*) Because there is no state court finding of fact relevant to the decision herein, the adequacy of the state court fact finding procedures is irrelevant to the issues addressed herein and necessary to dispose of this Petition. Moreover, the state court's processes are still in progress.

**Ineffectiveness of PCR Counsel** – Petitioner argues his PCR counsel has been ineffective. (Reply, Doc. 13 at 7.) That might be relevant to finding cause and prejudice to excuse a procedural default or procedural bar to avoid a dismissal with prejudice. *See Reed v. Ross*, 468 U.S. 1, 11 (1984). But, again, Petitioner's petition is not being disposed of with prejudice under those principles.

**Denial of Due Process** – Petitioner argues he has been denied due process in his state PCR proceedings. To the extent that Petitioner intends to assert this as a new claim for habeas relief, leave to amend has not been granted. *See* Fed. R. Civ. P. 15(a)(2) (requiring leave to amend). To the extent that Petitioner contends this is a basis to avoid

the effect of his failure to exhaust his state remedies, Petitioner proffers no basis for such an exception. Rather, again, Petitioner's relief, if any, must be found in 28 U.S.C. § 2254(b)(2)(B)(ii).

**Insufficiency of Evidence** – Petitioner argues there was insufficient evidence to support a conviction. (Reply, Doc. 13 at 9.) Again, to the extent that Petitioner intends to assert this as a substantive claim for relief, a Reply is not a proper vehicle to do so. To the extent that Petitioner raises this as a basis to avoid his failure to exhaust, it is irrelevant. It is true that the cause and prejudice standard incorporates a showing of cause based upon actual innocence. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). But here, Petitioner's Petition is not being dismissed as procedurally defaulted or procedurally barred, but without prejudice as unexhausted. Actual innocence is not a basis to avoid such a dismissal.

### C. SUMMARY RE PETITION

Petitioner's of-right PCR proceeding is on-going. It is the equivalent of a direct appeal, and accordingly this Court must abstain from addressing his claims, and dismiss the Petition without prejudice.

Alternatively, Petitioner's only foray to the Arizona Court of Appeals having been in petitions for special action which are insufficient to fairly present his claims, the Petition presents only unexhausted claims, and Petitioner has failed to show an absence or ineffectiveness of those state remedies. Accordingly, the Petition must be dismissed without prejudice as wholly unexhausted.

### D. MOTION FOR EVIDENTIARY HEARING

Petitioner's Motion for Evidentiary Hearing seeks to address the merits of his claims, and his contention that there is newly discovered evidence. Because the Petition must be dismissed, either as a matter of *Younger* abstention, or as wholly unexhausted, the merits and any claim of newly discovered evidence need not be addressed to dispose

16

of the present Petition. Accordingly, the motion will be denied.

### IV.     CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the

district court was correct in its procedural rulings.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.   ORDER

**IT IS THEREFORE ORDERED** the Petitioner's Motion for Evidentiary Hearing, filed June 18, 2015 (Doc. 12) is **DENIED**.

## VI.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed April 2, 2015 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VII.   EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's

right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: October 23, 2015

_____
James F. Metcalf
United States Magistrate Judge

15-0592r RR 15 10 19 on HC.docx